IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01090-BNB

DONALD R. GONZALES,

    Applicant,

v.

WARDEN HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Donald R. Gonzales, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Gonzales has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Arapahoe County, Colorado, District Court case number 04CR1100. He has paid the $5.00 filing fee for a habeas corpus action.

On May 15, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 17, 2009, after being granted an extension of time, Respondents filed their pre-answer response. On July 9, 2009, Applicant filed a reply. On July 30, 2009, Magistrate Judge Boland ordered Respondents to supplement the pre-answer response. On August 12, 2009,

Respondents filed the supplement. On August 26, 2009, Applicant filed a supplemental reply.

The Court must construe liberally Mr. Gonzales's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application.

In 2004, a jury found Mr. Gonzales guilty in Arapahoe County District Court case number 04CR1100 on charges of second-degree assault – serious bodily injury (count one), violation of a protective order (count two), and crime of violence. On February 24, 2005, the trial court sentenced him to sixteen years of imprisonment in the DOC with three years of mandatory parole on the second-degree assault conviction and a consecutive twenty-four month jail term on the violation of a protective order conviction.

On April 29, 2005, Mr. Gonzales appealed his convictions as well as a trial court order denying his postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure to the Colorado Court of Appeals, which on June 19, 2008, affirmed his convictions and sentence, as well as the order denying his Colo. R. Crim. P. 35(c) motion. *See People v. Gonzales*, No. 05CA0551 (Colo. Ct. App. June 19, 2008) (not published) (answer, ex. I). On January 12, 2009, the Colorado Supreme Court denied his petition for certiorari review.

While his appeal was pending, Mr. Gonzales filed the following postconviction motions: (1) a Colo. R. Crim. P. 35(c), which the trial court denied on May 4, 2007; (2)

a motion for rehearing concerning the Colo. R. Crim. P. 35(c) motion, which the district court denied on May 29, 2007, finding that jurisdiction was with the Colorado Court of Appeals; (3) a motion to correct illegal sentence, which the district court denied on August 2, 2007; and (4) a Colo. R. Crim. P. 35(a) motion, which the district court on April 2, 2008, determined it lacked jurisdiction to consider because the underlying case was on appeal to the Colorado Court of Appeals.

On May 11, 2009, Mr. Gonzales filed the instant application with this Court. Respondents concede that the instant action is filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

In his application, Mr. Gonzales asserts four claims:

> (1) that the trial court's denial of his request to represent himself violated his constitutional right to self-representation and rendered the trial fundamentally unfair;
>
> (2) that the trial court erred in refusing to allow his attorney access to the victim's medical records, resulting in "[i]neffective assistance of counsel, violation of [his] right to confront witness, Brady equal protection of the law, and due process" [and also violating] "established federal law (rule 16) and the U.S. constitution," application at 6;
>
> (3) that his convictions for violation of a restraining order and assault implicate double jeopardy;
>
> (4) that the trial court's exclusion of evidence in the form of a DVD – and his counsel's suppression of that evidence – was a violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

3

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

As Mr. Gonzales points out in his application, his first claim, i.e., that the trial court's denial of his request to represent himself violated his constitutional right to self-representation and rendered the trial fundamentally unfair, was not presented to the state appeals court. Therefore, he did not finish one complete round of Colorado's established appellate review process. *See O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). As a result, claim one is not exhausted.

In his second claim, Mr. Gonzales asserts that the trial court erred in refusing to allow his attorney access to the victim's medical records, resulting in "[i]neffective assistance of counsel, violation of [his] right to confront witness, Brady equal protection of the law, and due process" [and also violating] "established federal law (rule 16) and the U.S. constitution." Application at 6. In addressing this claim, the Colorado Court of Appeals held:

> [D]efendant argues that (1) the trial court erred by not granting, sua sponte, his pretrial request for access to certain medical records based on the domestic violence exception to the physician-patient privilege, see § 12-36-135(3), C.R.S. 2007; and (2) trial counsel failed to assert this statutory exception when he requested the medical records. Defendant also argues that original appellate counsel was ineffective for not making these arguments on direct appeal.
>
> Because neither argument was made in defendant's Crim. P. 35(c) motion, we conclude they are not properly before us, and we decline to address them.

No. 05CA551 (answer, ex. I) at 16-17.

Mr. Gonzales failed to assert his second claim in a procedurally proper manner and, therefore, the Colorado Court of Appeals declined to address it. Mr. Gonzales's failure to meet the state's procedural requirements for presenting his second claim has deprived the state courts of an opportunity to address that claim in the first instance. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Therefore, Mr. Gonzales's second claim is not exhausted because it was not presented fairly to the state appellate courts.

Mr. Gonzales again concedes that his third claim, i.e., that his convictions for violation of a restraining order and assault implicate double jeopardy, was not presented to the state appellate court. Therefore, he did not finish one complete round of Colorado's established appellate review process. *See O'Sullivan*, 526 U.S. at 845. Claim three is not exhausted.

His fourth claim, that the trial court's exclusion of evidence in the form of a DVD – and his counsel's suppression of that evidence – was a violation of *Brady*, 373 U.S. at 87, was raised in a different form in his Colo. R. Crim. P. 35(c) motion but was not raised in his briefs before the Colorado Court of Appeals. Therefore, he did not finish one complete round of Colorado's established appellate review process. *See O'Sullivan*, 526 U.S. at 845. Claim four is not exhausted.

Although Mr. Gonzales failed to exhaust state court remedies for his four asserted claims, the Court may not dismiss these claims for failure to exhaust state remedies if Mr. Gonzales no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists

because any future claims would be denied as successive under Colo. R. Crim. P. 35(c) because they could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. Rev. Stat. § 35(c)(3)(VII). Therefore, the claims that Mr. Gonzales failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Gonzales's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Gonzales must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice,

7

Mr. Gonzales first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr. Gonzales then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Gonzales fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, because Mr. Gonzales has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds that the claims Mr. Gonzales failed to exhaust are procedurally barred and will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed as procedurally barred. It is

FURTHER ORDERED that the motions for summary judgment and for appointment of counsel filed on June 10, 2009, and July 9, 2009, respectively are denied as moot.

DATED at Denver, Colorado, this 22 day of Sept., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01090-BNB

Donald R. Gonzales
Prisoner No. 58418
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/23/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk