IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01090-BNB

DONALD R. GONZALES,

Applicant,

v.

WARDEN HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Donald R. Gonzales, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Gonzales filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket no. 1) challenging the validity of his conviction in Arapahoe County, Colorado, District Court case number 04CR1100. The Court must construe liberally Mr. Gonzales's filings because he is not represented by an attorney. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See **Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application.

I. State Factual and Procedural Background

In 2004, a jury found Mr. Gonzales guilty in Arapahoe County District Court case number 04CR1100 on charges of second-degree assault--serious bodily injury (count

one); violation of a protective order (count two); and crime of violence. On February 24, 2005, the trial court sentenced him to sixteen years of imprisonment in the DOC with three years of mandatory parole on the second-degree assault conviction and a consecutive twenty-four month jail term on the violation-of-a-protective-order conviction.

On April 29, 2005, Mr. Gonzales appealed his convictions and a trial court order denying his postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, to the Colorado Court of Appeals. On June 19, 2008, the state appellate court affirmed his convictions and sentences, as well as the order denying his Colo. R. Crim. P. 35(c) motion. *See People v. Gonzales*, No. 05CA0551 (Colo. Ct. App. June 19, 2008) (not published). *See* pre-trial response (docket no. 10), ex. I. On January 12, 2009, the Colorado Supreme Court denied his petition for certiorari review.

In December 2005, while his direct appeal was pending, Mr. Gonzales initiated an original proceeding by filing a Colo. R. Crim. P. 35(c) motion directly with the Colorado Supreme Court. That motion was denied on January 5, 2006. On April 30, 2007, Mr. Gonzales filed a habeas corpus petition in the Crowley County District Court, which denied the petition on April 25, 2008.

While his direct appeal was pending, Mr. Gonzales filed the following postconviction motions: (1) a Colo. R. Crim. P. 35(c), which the trial court denied on May 4, 2007; (2) a motion for rehearing concerning the Colo. R. Crim. P. 35(c) motion, which the district court denied on May 29, 2007, finding that jurisdiction was with the Colorado Court of Appeals; (3) a motion to correct illegal sentence, which the district court denied on August 2, 2007; and (4) a Colo. R. Crim. P. 35(a) motion, which the

district court on April 2, 2008, determined it lacked jurisdiction to consider because the underlying case was on appeal to the Colorado Court of Appeals.

## II. Federal Procedural Background

On May 11, 2009, Mr. Gonzales filed the instant application with this Court. In the application, Mr. Gonzales asserted four claims:

> (1) that the trial court's denial of his request to represent himself violated his constitutional right to self-representation and rendered the trial fundamentally unfair;
>
> (2) that the trial court erred in refusing to allow his attorney access to the victim's medical records, resulting in "[i]neffective assistance of counsel, violation of [his] right to confront witness, Brady equal protection of the law, and due process" [and also violating] "established federal law (rule 16) and the U.S. constitution," application at 6;
>
> (3) that his convictions for violation of a restraining order and assault implicate double jeopardy;
>
> (4) that the trial court's exclusion of evidence in the form of a DVD – and his counsel's suppression of that evidence – was a violation of **Brady v. Maryland**, 373 U.S. 83, 87 (1963).

On May 15, 2009, Magistrate Judge Boyd N. Boland ordered Respondents (docket no. 3) to file within twenty days a pre-answer response limited to the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 17, 2009, after being granted an extension of time, Respondents filed their pre-answer response (docket no. 10). In the June 17 pre-answer response, Respondents conceded that the application appeared to be filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d), but argued that all claims were procedurally barred. On July 9, 2009,

Applicant filed a reply (docket no. 12). On July 17, 2009, Applicant filed a supplemental reply (docket no. 13) in which he referred to a habeas corpus petition he filed in state court.

On July 30, 2009, Magistrate Judge Boland ordered Respondents to supplement the pre-answer response (docket no. 14) with (1) an update on the status of any appeals pertinent to Mr. Gonzales's postconviction motions, and (2) further information on the habeas corpus petition Mr. Gonzales filed in state court, including but not limited to whether any of the issues he raised in the petition are the same or similar to the issues he raised in the instant application, and how the pending state petition may affect this action.

On August 12, 2009, Respondents filed the supplement to the pre-answer response (docket no. 15). Respondents noted that the register of actions for No. 04CR1100 (docket no. 10, ex. A) indicated that no appeals other than Mr. Gonzales's one direct appeal in No. 05CA0551 were filed, and that a call to the Colorado Court of Appeals on August 5, 2009, verified that no further appeals had been filed. With respect to the second issue, Respondents noted that Mr. Gonzales on April 30, 2007, filed a petition for writ of habeas corpus in Crowley County District Court raising six claims, four of which (claims two, three, four, and six) were similar to the four claims raised in his federal application. However, they argued that he failed to invoke one complete round of the state's established appellate review process, and the claims were procedurally barred. Respondents also argued that, because Mr. Gonzales failed to establish cause and prejudice for the default or a fundamental miscarriage of justice,

federal review of his claims was foreclosed. On August 26, 2009, Applicant filed a supplemental reply (docket no. 16) alleging a fundamental miscarriage of justice.

On September 22, 2009, this Court entered an order of dismissal (docket no. 17), holding that Mr. Gonzales's claims were procedurally defaulted and that he failed to overcome the procedural bar by demonstrating cause and prejudice or a fundamental miscarriage of justice. On January 22, 2010, the United States Court of Appeals for the Tenth Circuit reversed and remanded this action for further proceedings (docket no. 29), ruling that the district court erred in dismissing the application on procedural grounds without first addressing two arguments raised by Mr. Gonzales: (1) whether the state habeas petition satisfied the exhaustion requirement, and (2) whether ineffective assistance of state appellate counsel was cause for his procedural default.

On March 15, 2010, this Court ordered Respondents (docket no. 32) to file a second supplemental pre-answer response addressing the merits of these two arguments. On April 9, 2010, Respondent filed the second supplemental pre-answer response (docket no. 39). On April 20, 2010, Mr. Gonzales filed a reply (docket no. 40).

III. Legal Analysis

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See

*Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

### Direct Appeal and Postconviction Proceedings

The dismissal order (docket no. 17) filed on September 23, 2010, noted that Mr. Gonzales failed to exhaust all four of his claims because he did not finish one complete round of Colorado's established appellate review process. *See O'Sullivan*,

6

526 U.S. at 845. The September 23 dismissal order also noted that, although Mr. Gonzales failed to exhaust state court remedies for his four asserted claims, the Court may not dismiss these claims for failure to exhaust state remedies if Mr. Gonzales no longer had an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. The dismissal order noted that no further state court remedy existed because any future claims would be denied as successive under Colo. R. Crim. P. 35(c) because they could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. Rev. Stat. § 35(c)(3)(VII). Therefore, the Court found that the claims that Mr. Gonzales failed to exhaust were procedurally defaulted. Mr. Gonzales's argument that any procedural default should be excused because of the ineffectiveness of his appellate counsel on direct appeal will be discussed below.

<u>Original Proceeding in Colorado Supreme Court</u>

Mr. Gonzales insists he exhausted state remedies when, on January 5, 2006, the Colorado Supreme Court denied the Colo. R. Crim. P. 35(c) motion he filed in an original proceeding in the state supreme court while his direct appeal was pending. *See* docket no. 12, ex. 4 at 1; *see also* docket no. 40, ex. 1 at 1. The original proceeding Mr. Gonzales filed in the Colorado Supreme Court does not satisfy the fair presentation requirement. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation."

*Castille*, 489 U.S. at 351 (citation and internal quotation marks omitted); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation).

Mr. Gonzales fails to state the claims he raised before the state supreme court in the original proceeding, although he appears to have presented to the Colorado Supreme Court the same claims he raised in the Colo. R. Crim. P. 35(c) motion he filed in the trial court. *See* docket no. 12 at 2 ("I filed my 35(c) in the Colorado supreme court. . . . It was denied."); *see also* docket no. 40 at 1 ("I have filed my 35(c) in the 'Colorado Supreme Court' filed Dec., 2005."). In any case, the January 5, 2006, order does not address the merits of whatever claims Mr. Gonzales raised in the state supreme court. The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original proceeding. *See People v. District Court*, 869 P.2d 1281, 1285 (Colo. 1994); *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Because the denial of the Colo. R. Crim. P. 35(c) motion by the Colorado Supreme Court does not indicate that the court considered the merits of the claims raised in the motion, Mr. Gonzales fails to demonstrate that the state supreme court addressed the merits of the claims he raised in the Colo. R. Crim. P. 35(c) motion. Therefore, even assuming that the claims raised in the Rule 35(c) motion are the same claims raised here, Mr. Gonzales has failed to exhaust state remedies for his asserted claims through the original proceeding.

## State Habeas Corpus Petition

On April 25, 2008, the Crowley County District Court denied the habeas corpus petition (docket no. 15, ex. B1 at 3) Mr. Gonzales filed on April 30, 2007. As previously stated, Respondents allege that the petition raised six claims, four of which (claims two, three, four, and six) were similar to the four claims raised in his federal application. Having reviewed Mr. Gonzales's state habeas petition (docket no. 15, ex. A1 at 2-4), the Court agrees. Following the denial of the petition, Mr. Gonzales had forty-five days, or until June 9, 2008, to appeal from the denial. *See* Colo. R. App. P. 4(b). The state register of actions (docket no. 15, ex. B1 at 3) indicates that no appeal was filed. Because Mr. Gonzales failed to "invoke one complete round of the State's established appellate review process," *see O'Sullivan*, 526 U.S. at 843-45, he failed to exhaust the claims presented in his state habeas corpus petition. Therefore, the state habeas petition failed to satisfy the exhaustion requirement.

## Cause and Prejudice

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Gonzales's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Gonzales must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). Ineffective assistance of counsel can constitute cause and prejudice excusing the default. *See Coleman*, 501 U.S. at 753-54; *see also Ross v. Ward*, 165 F.3d 793, 798 (10th Cir. 1999).

In his reply filed on July 9, 2009, Mr. Gonzales alleged that "I first attempted to get my [appellate] attorney to address the issues raised in my pro-se 35(c), to which she replied and I quote 'I also explained that as your attorney I will decide what issues are appellate issues.'" *See* docket no. 12 at 2. He further stated that his attorney's "failure to raise on appeal nonfriv[o]lous constitutional claims upon which his client has insisted must constitute 'cause and prejudice' for any resulting default under state law." *Id.* Attachments to the reply show that Mr. Gonzales was referring to the first three claims in his § 2254 application.

The Court initially notes that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486-87. An exception to this rule is that, if a default results from constitutionally ineffective assistance of counsel, counsel's deficient performance may constitute "cause" for the default. *Id.* at 488. "Not just any deficiency in counsel's performance" is sufficient to constitute "cause" for a default; the assistance "must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

However, the applicant must fairly present the same claim of ineffective assistance of counsel as an independent claim to the state courts. *See Murray*, 477 U.S. at 488-89; *Edwards*, 529 U.S. at 451-52 (ineffective assistance of counsel adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim that must be exhausted in state courts); *see also Edwards*, 529 U.S. at 451-53 (ineffective assistance claims asserted as cause for other defaults may themselves be defaulted).

In addition, the applicant must show the federal habeas court that ineffective assistance of counsel resulted in "prejudice" as that term is used in the federal habeas default context. In other words, the prejudice alleged must be "significantly greater than that necessary under 'the more vague inquiry suggested by the words 'plain error.'" *Murray*, 477 U.S. at 494 (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). The habeas applicant must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

With respect to the medical records claim (claim two), the Colorado Court of Appeals noted that Mr. Gonzales "argues that original appellate counsel was ineffective" for failing to argue that trial counsel should have asserted a statutory exception when requesting the medical records. *See* pre-answer response (docket no. 10), ex. I at 16. The Colorado Court of Appeals ruled that, because the argument was not made in Mr. Gonzales's Colo. R. Crim. P. 35(c) motion, it was not properly before the appellate court, and declined to address it. *Id.* at 16-17. Therefore, to the extent

11

Mr. Gonzales raised any claim of ineffective assistance of appellate counsel, the Colorado Court of Appeals declined to address the claim because Mr. Gonzales failed to preserve it in postconviction proceedings. The state procedural bar provides an independent and adequate state law ground for denying the claim. *See Coleman*, 501 U.S. at 729-30. Thus, this Court cannot review the claim unless Mr. Gonzales can demonstrate cause and prejudice for the default. *See Gray v. Netherland*, 518 U.S. at 162. Gray v. Netherland, 518 U.S. 152, 162 (1996). Mr. Gonzales offers neither cause nor prejudice for his failure to raise ineffective assistance of appellate counsel in a procedurally proper manner. Therefore, he has not shown cause to excuse the procedural default of the claims raised in his state habeas petition.

As discussed in the dismissal order, a fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Gonzales first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id*. Mr. Gonzales then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327. He failed to do so.

Because Mr. Gonzales has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds that the claims Mr. Gonzales failed to exhaust are procedurally barred, and will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action dismissed with prejudice as procedurally barred. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __21st__ day of __May__, 2010.

BY THE COURT:

_Christine M. Arguello_

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01090-ZLW

Donald R. Gonzales
Prisoner No. 58418
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/21/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk